**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

**ANGELA GOHMAN,**

                          **Plaintiff**

              **v.**                              **Case No. 1:10-cv-728-HJW**

**ATLAS ROOFING CORP., et al,**

                      **Defendants**

**ORDER**

**Pending are three cross-motions for summary judgment (doc. nos. 23-25). The parties have filed responses and replies, and have highlighted their respective "Proposed Findings of Fact and Conclusions of Law" as true, false, or irrelevant. Also pending are the plaintiff's "Motion to Certify Question of Ohio Law to the Ohio Supreme Court" (doc. no. 28) and the defendant Atlas' "Motion for Sanctions Pursuant to Rule 11" (doc. no. 38). Having carefully considered the record, including the pleadings, briefs, exhibits, and applicable law, the Court will <u>deny</u> both of the plaintiff's motions (doc. nos. 23, 28), <u>grant</u> the defendants' respective motions for summary judgment (doc. nos. 24, 25), and <u>deny</u> the motion for sanctions (doc. no. 38), for the following reasons:**

**I. Facts and Procedural History**

        **The relevant facts are largely undisputed and will be summarized as succinctly**

as possible (doc. nos. 31-34).[1]  Atlas Roofing Company ("Atlas") operates a manufacturing facility in Franklin, Ohio, where it makes roofing and insulation supplies. The AFL-CIO·CLC and its Local No. 1-1206 ("Union") represent bargaining unit employees at the Franklin facility for purposes of collective bargaining.  The Union and Atlas were parties to a collective bargaining agreement ("CBA") from February 2, 2005 to February 2, 2010, which governed the terms and conditions of employment for bargaining unit employees (doc. no. 25-2 at 32, CBA ¶ 18.1).  A new CBA became effective February 2, 2010, and the relevant provisions of the two CBAs are identical (doc. no. 25-3).

Atlas hired plaintiff as a general laborer at its Franklin Facility on October 6, 2008.  She was a probationary employee, who after 90 days, would join the Union and be subject to the collective bargaining agreement ("CBA") in effect (doc. no. 31-1 at ¶ 4).  On Tuesday, December 2, 2008, she injured her eye at work.  Some fiberglass was removed from her eye, and plaintiff did not miss any work as a result (doc. no. 1, ¶ 8).  Plaintiff filed a medical-only claim for workers compensation benefits.  On Monday, December 8, 2008, when she reported to work, Atlas terminated her employment for the stated reason of "poor performance."  At the time, plaintiff had been employed at Atlas for only 63 days and had not finished her

---

[1] Plaintiff acknowledges that "the underlying facts are not at issue" and that her claims turn on "questions of law" (doc. no. 23 at 2).  Defendant Atlas does not dispute the plaintiff's version of the facts (doc. no. 31-1, ¶¶ 1-20).  With several minor exceptions, such as the use of the word "indefinitely" to describe the length of abeyance (doc. no. 34-1 at ¶¶ 14, 15, 19), the Union also does not dispute the relevant facts.

probationary period.

On January 13, 2009, the plaintiff filed suit against Atlas in the Court of Common Pleas, Warren County, Ohio. See <u>Gohman v. Atlas Roofing Corp.</u>, Case No. 09-CV-73276. There, she alleged that Atlas had terminated her employment in retaliation for her filing of the workers compensation claim and that Atlas thereby violated Ohio R.C. § 4123.90. On March 15, 2010, the state court found in plaintiff's favor and ordered Atlas to reinstate her (doc. no. 23-4 at 4). The state court also found that plaintiff was entitled to reasonable attorney fees and "backpay" through March 12, 2010. On May 24, 2010, the state court set the amount of attorney fees at $19,300.00 and ordered Atlas to reinstate the plaintiff by June 1, 2010 (doc. no. 23-5, "Order").[2]

On June 1, 2010, Atlas informed plaintiff that she could not return to work because she was "laid off" under the reduction in force then in effect (doc. no. 1, ¶ 12). On June 3, 2010, plaintiff moved the state court to hold Atlas in contempt for allegedly failing to comply with the order to reinstate her. For the period March 12, 2010 through June 1, 2010, she also sought additional backpay and attorney fees. On June 6, 2010, she also filed a grievance with the Union (¶ 13), contending that under the terms of the CBA, her seniority began with her initial date of hire on

---

[2]The parties have filed multiple copies of the orders and appellate opinion in the state proceeding, and this Court takes judicial notice of them. "Federal courts may take judicial notice of proceedings in other courts of record." <u>Rodic v. Thistledown Racing Club, Inc</u>., 615 F.2d 736, 738 (6th Cir. 1980); <u>Lyons v. Stovall</u>, 188 F.3d 327, 333 n. 3 (6th Cir. 1999).

October 6, 2008 and that she was entitled to "bump" employees with allegedly less seniority currently working as general laborers at the Franklin Facility (Ex. E "Grievance"). She contends that at least one other employee hired after her was still working as a general laborer at the Franklin Facility (¶¶ 7, 12, Exs. A, B).

The state trial court denied plaintiff's motions (for contempt and for additional fees and backpay) on June 29, 2010 (doc. no. 23 at 5, ¶ 14). Plaintiff appealed that order, arguing that she was entitled to reinstatement based on accrual of her seniority during the period between her retaliatory termination and her "reinstatement/layoff" date (doc. no. 24-1 "Brief of Appellant"). Specifically, plaintiff's third assignment of error was whether "the trial court erred in holding that under R.C. § 4123.90 Gohman was not entitled to immediate reinstatement" (doc. no. 23-6 at 6, ¶ 28).

Meanwhile, Atlas denied plaintiff's grievance twice, on the basis that the period between her termination on December 8, 2008 and her reinstatement/layoff on June 1, 2010 did not count toward her "length of continuous service." At the third step of the grievance process on July 23, 2010, Atlas and the Union agreed to hold the grievance in abeyance during the pendency of plaintiff's state appeal, given that the state appellate court's decision would determine whether plaintiff had the seniority she claimed, and thus whether her grievance had merit.

On October 19, 2010, while her state appeal was pending, plaintiff filed the present federal action against Atlas and the Union, alleging violation of Section 301 of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 185, et seq. In her federal

October 6, 2008 and that she was entitled to "bump" employees with allegedly less seniority currently working as general laborers at the Franklin Facility (Ex. E "Grievance"). She contends that at least one other employee hired after her was still working as a general laborer at the Franklin Facility (¶¶ 7, 12, Exs. A, B).

The state trial court denied plaintiff's motions (for contempt and for additional fees and backpay) on June 29, 2010 (doc. no. 23 at 5, ¶ 14). Plaintiff appealed that order, arguing that she was entitled to reinstatement based on accrual of her seniority during the period between her retaliatory termination and her "reinstatement/layoff" date (doc. no. 24-1 "Brief of Appellant"). Specifically, plaintiff's third assignment of error was whether "the trial court erred in holding that under R.C. § 4123.90 Gohman was not entitled to immediate reinstatement" (doc. no. 23-6 at 6, ¶ 28).

Meanwhile, Atlas denied plaintiff's grievance twice, on the basis that the period between her termination on December 8, 2008 and her reinstatement/layoff on June 1, 2010 did not count toward her "length of continuous service." At the third step of the grievance process on July 23, 2010, Atlas and the Union agreed to hold the grievance in abeyance during the pendency of plaintiff's state appeal, given that the state appellate court's decision would determine whether plaintiff had the seniority she claimed, and thus whether her grievance had merit.

On October 19, 2010, while her state appeal was pending, plaintiff filed the present federal action against Atlas and the Union, alleging violation of Section 301 of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 185, et seq. In her federal

complaint, plaintiff alleges 1) in Count One that Atlas breached the CBA by not crediting her with sufficient seniority status through her reinstatement date, and 2) in Count Two that the union "indefinitely suspended" her grievance and thus failed to provide her with fair representation. She seeks reinstatement to her former position, compensatory damages for lost wages and benefits, and the costs of bringing this action, including reasonable attorney's fees.

On December 6, 2010, the Ohio Court of Appeals for the Twelfth Appellate District affirmed the trial court's decision. See <u>Gohman v. Atlas Roofing Corp.</u>, 2010-Ohio-5956 (Ohio App. 2010) (doc. no. 23-6 "Opinion"). Specifically, the state appellate court held that plaintiff was <u>not</u> entitled to accrual of seniority during the period between her termination and reinstatement. The court considered the specific statutory provision of Ohio R.C. § 4123.90 that "the relief which may be granted shall be limited to reinstatements with back-pay" (¶¶ 33-34). The court concluded that this plain language "clearly places limitations on relief available to an aggrieved employee, as opposed to other statutes that use considerably broader language regarding seniority." Notably, the court declined "to interpret R.C. § 4123.90 in such a fashion as to afford an aggrieved employee full reinstatement with uninterrupted seniority rights." <u>Id</u>. In a partial dissenting opinion, Judge Ringland agreed with plaintiff's argument and indicated that because plaintiff was wrongfully terminated, "the trial court should have credited Gohman with sufficient seniority rights to reflect the wrongful discharge and union status" (doc. no. 23-6 at 11, ¶¶ 45-48). The Ohio Supreme Court declined further review of plaintiff's case on April 20, 2011 (doc.

no. 23-7).

On January 31, 2012, the plaintiff, Atlas, and Union filed cross-motions for summary judgment in the present federal case (doc. nos. 23-25). On February 23, 2012, plaintiff also filed a motion to certify the question of the accrual of her seniority under Ohio R.C. § 4123.90 (doc. no. 28). On April 9, 2012, the defendant Atlas filed a motion for sanctions (doc. no. 38) against plaintiff regarding the motion to certify. All five motions are now fully briefed and ripe for consideration.

II. Standard of Review

Rule 56(a) of the Federal Rules of Civil Procedure provides in relevant part:

> A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a).

Under Rule 56, the moving party bears the burden of proving that no genuine disputes of material fact exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The court must construe the evidence and draw all reasonable inferences in favor of the nonmoving party. Id. at 587. In reviewing a motion for summary judgment, a court must determine whether the evidence is so one-sided that one party must prevail as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986).

The standard of review for cross-motions for summary judgment does not differ from the standard applied when a motion is filed by only one party to the case. Taft Broad. Co. v. United States, 929 F.2d 240, 248 (6th Cir. 1991) ("The fact that both

parties have moved for summary judgment does not mean that the court must grant judgment as a matter of law for one side or the other; summary judgment in favor of either party is not proper if disputes remain as to material facts. Rather, the court must evaluate each party's motion on its own merits"). When considering cross-motions, the Court must "tak[e] care in each instance to draw all reasonable inferences against the party whose motion is under consideration." Id. at 248.

III. Analysis

A. Alleged Violation of the CBA

Under the Labor Management Relations Act (LMRA"), at 29 U.S.C. § 185, "a hybrid section 301 action involves two constituent claims: breach of a collective bargaining agreement by the employer and breach of the duty of fair representation by the union." Black v. Ryder/P.I.E. Nationwide, Inc., 15 F.3d 573, 583 (6th Cir. 1994). To prevail, the plaintiff must show that Atlas breached the CBA and that the Union breached its duty of fair representation. Garrison v. Cassens Transp. Co., 334 F.3d 528, 542 (6th Cir. 2003); Bagsby v. Lewis Bros., Inc. of Tennessee, 820 F.2d 799, 801 (6th Cir. 1987)(citing Hines v. Anchor Motor Freight Co., 424 U.S. 554, 570-71 (1976)). Unless plaintiff demonstrates both violations, she can not prevail against either party. Id.

First, with respect to the alleged breach of the CBA by Atlas, plaintiff contends that she accrued seniority rights during the period between her termination and reinstatement, and that if Atlas had properly credited her with this time, she would have been entitled under the CBA to "bump" any employees hired after her (doc. no.

23 at 7). She bases her argument on the CBA's "seniority" clause at ¶ 14.01, which defines "seniority" as "[l]ength of continuous service with the Felt or Roofing operation" and on the "reduction in force" clause at ¶ 14.05, which provides that in the event Atlas implemented a reduction in work force at the Franklin Facility, employees would be laid off based on "progressional seniority" (doc. nos. 23 at 3, 7; 23-1 at 5). She points to Ohio R.C. § 4123.90, which provides in relevant part:

> "No employer shall discharge, demote, reassign, or take any punitive action against any employee because the employee filed a claim or instituted, pursued or testified in any proceedings under the workers' compensation act for an injury or occupational disease which occurred in the course of and arising out of his employment with that employer. Any such employee may file an action in the common pleas court of the county of such employment in which the relief which may be granted shall be limited to reinstatement with back pay, if the action is based upon discharge. . ."

Plaintiff acknowledges that "the language of § 4123.90 does not specifically state that an aggrieved employee is entitled to reinstatement with seniority rights," but argues that it also does not specifically preclude an award of reinstatement with seniority rights (doc. no. 23 at 8). She contends that the "statutory language could reasonably support either interpretation and points out that such statute, as part of the Ohio Worker's' Compensation Act, must be liberally construed in favor of employees (doc. no. 34-1 at ¶¶ 30-34 "Proposed Findings"). Under plaintiff's theory, she should have been credited with 591 days of continuous service, rather than the 63 days she actually worked (Id.). She concludes that Atlas breached the CBA by not bumping other employees to reinstate her.

**Defendant Atlas responds that, as a matter of law, Ohio R.C. § 4121.90 only required that plaintiff be reinstated by Atlas with the seniority that she had when she was terminated, i.e. 63 days. Atlas points out that the state appellate decision (which became final after this lawsuit commenced) has already determined that plaintiff was <u>not</u> entitled to the 591 days of seniority she claims. Plaintiff's federal claim of CBA violation is premised on the same seniority issue already decided adversely to plaintiff in state court. Atlas contends that such issue is subject to "res judicata" and may not be relitigated here (doc. nos. 24 at 3; 37 at 3, fn. 2). Atlas asserts that there are no genuine disputes of material fact in this case and that it is entitled to summary judgment as a matter of law. This Court agrees.**

**Very simply, plaintiff' argument that Atlas improperly credited her days of seniority may not be relitigated here. Plaintiff's federal suit is premised on this issue, which the state courts have already directly addressed and rejected <u>in plaintiff's own case</u>. Plaintiff cannot demonstrate a breach of the CBA on such basis. The United States Supreme Court has observed that "a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction . . . cannot be disputed in a subsequent suit between the same parties." <u>Montana v. United States</u>, 440 U.S. 147, 153 (1979); see also, <u>Wolfe v. Perry</u>, 412 F.3d 707, 716 (6th Cir. 2005) (same). Under Ohio law, "[i]ssue preclusion precludes the relitigation of an issue that has been actually and necessarily litigated and determined in a prior action." <u>MetroHealth Med. Ctr. v. Hoffmann-LaRoche, Inc.</u>, 80 Ohio St.3d 212, 217 (1997). In light of the state court ruling that plaintiff was not entitled to the seniority**

she claimed, plaintiff cannot show the first claim of her hybrid section 301 action, i.e. that Atlas breached the CBA when it placed her on layoff. <u>DelCostello v. Int'l Bhd. of Teamsters</u>, 462 U.S. 151, 165 (1983). Therefore, Atlas is entitled to summary judgment on plaintiff's claim that Atlas breached the CBA by not crediting her with sufficient seniority.

## B. Alleged Violation of Union's Duty of Fair Representation

As to second claim of her hybrid section 301 action, plaintiff must show that the Union breached its duty of fair representation. <u>Garrison v. Cassens Transp. Co.</u>, 334 F.3d 528, 542 (6th Cir. 2003). It is well-settled that a union owes a duty of fair representation to all members of the bargaining unit and that this duty extends to the union's handling of employee grievances. <u>Vaca v. Sipes,</u> 386 U.S. 171, 177-186 (1967). A union breaches such duty only when its conduct is "arbitrary, discriminatory, or in bad faith." <u>Id</u>. at 190. A union owes employees the duty to represent them "adequately as well as honestly and in good faith." <u>Air Line Pilots Association International v. O'Neill</u>, 499 U.S. 65, 75 (1991).

Plaintiff argues that the Union breached its duty of fair representation by "agreeing to suspend her grievance at the third step indefinitely" (doc. no. 23 at 9). She contends that Mr. Houston told her on July 23, 2010, that Atlas and the Union had agreed to suspend her grievance indefinitely (doc. no. 23-1, Gohman Affidavit at ¶¶ 7-8). She alleges that the Union has refused to provide any explanation to her and has refused to reinstate her grievance or send it to arbitration (doc. no. 1, ¶ 16).

The Union correctly asserts that it acted reasonably when it agreed to hold

plaintiff's grievance in abeyance while awaiting the appellate decision in plaintiff's state lawsuit, which was expected to (and did) resolve the issue of her seniority status (doc. no. 25-1 at ¶ 6, Houston Affidavit). On December 6, 2010, the Ohio Court of Appeals rejected plaintiff's argument regarding accrual of seniority, which means that her employer had acted within its rights in placing her on layoff on June 1, 2010 (doc. no. 25 at 3). The Union correctly asserts that a union does not breach its duty when it refuses to further process a grievance that it has reasonably determined to be meritless (Id. at 7). To the extent she alleges that the Union has refused to provide any "explanation" to her, plaintiff can hardly claim to be "unaware" of the result in her own state lawsuit. To the extent plaintiff complains that her grievance was not reinstated or arbitrated, an employee has "no absolute right" to have a grievance reinstated or taken to arbitration, Vaca, 386 U.S. at 195. Here, the record reflects that the Union's actions were not arbitrary, discriminatory, or in bad faith.

Additionally, the Union points out that the plaintiff did not complete her 90-day probationary period, and thus, under the express terms of the CBA, never acquired any seniority. The CBA specifically provides in relevant part that: "New employees shall be considered probationary until they have accumulated ninety (90) calendar days during which time they shall not acquire or accumulate seniority and may be terminated without recourse to the grievance procedure. After completing their probationary period, they will be considered a regular employee with seniority retroactive to their date of last hire" (doc. no. 25-2 at 6, CBA at ¶ 7.03).

**C. Whether to Certify Plaintiff's Question to the Ohio Supreme Court**

After the Ohio Supreme Court declined further review of plaintiff's state case, plaintiff moved in federal court for an order "certifying the question of whether an employee reinstated pursuant to R.C. § 4123.90 does so with full seniority rights to the Ohio Supreme Court" (doc. no. 28 at 1). Rule 18.1 of the Rules of Ohio Supreme Court Practice, provides that certification of a state law question is proper when "there is no controlling precedent in the decisions of the Supreme Court" on the issue. Rule 18.1, R. S.Ct. Prac.

The decision whether or not to certify a question to the state courts "rests in the sound discretion of the federal court." Lehman Bros. v. Schein, 416 U.S. 386, 391 (1974); Pennington v. State Farm Mut. Auto. Ins. Co., 553 F.3d 447, 450 (6th Cir. 2009); Transamerica Ins. Co. v. Duro Bag Mfg. Co., 50 F.3d 370, 372 (6th Cir. 1995). Even "where there is doubt as to local law and where the certification procedure is available, resort to it is [not] obligatory." Lehman Bros., 416 U.S. at 390-91. Certification "is most appropriate when the question is new and state law is unsettled." Transam. Ins., 50 F.3d at 372 (citing Lehman Bros., 416 U.S. at 390–91).

In the present case, the circumstances and timing of plaintiff's request to certify weigh heavily against certification. The record reflects that plaintiff sought certification after the Ohio Supreme Court had already declined review of her state case. "Late requests for certification are disfavored." Shaheen v. Yonts, 2010 WL 3521930, *22-23 (6th Cir. Ky.)) (citing Pennington, 553 F.3d at 450). Although plaintiff urges that the result in her state case conflicts with existing state precedent requiring the statute to be construed liberally in favor of employees, she is

essentially asserting that the Ohio Supreme Court wrongly denied discretionary review in her own case. Having lost on appeal in state court, she is not entitled to certification as a way to obtain a "second bite of the apple." See, e.g., Warf v. Board of Elections of Green County, Ky., 619 F.3d 553, 558 (6th Cir. 2010); Carolina Casualty Ins. Co. v. Panther II Transportation, Inc., 402 Fed.Appx. 62, 68 (6th Cir. 2010). Plaintiff did not file a petition for certiorari to the United States Supreme Court, the last possible step in the appellate process.

The Ohio Court of Appeals rejected her specific argument, and the Ohio Supreme Court has already declined further review of plaintiff's state case. Certification of the question presented would be inappropriate under these circumstances. While certification of a state law issue may be warranted where a federal court is faced with an active controversy involving conflicting or non-existent state authority, the present plaintiff is attempting to assert a federal claim premised on the same facts and legal theory already rejected by the state courts in her own case. The mere fact that there was a dissenting opinion in the state appellate decision does not militate in favor of certification. Under these circumstances, this Court will, in its discretion, deny plaintiff's request to certify the requested issue.

D. Whether to Award Sanctions Under Rule 11

Finally, defendant Atlas seeks sanctions against plaintiff's counsel for his filing of the motion to certify. Rule 11(b) provides in relevant part that:

> By presenting to the court a pleading, written motion, or other paper . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed

essentially asserting that the Ohio Supreme Court wrongly denied discretionary review in her own case. Having lost on appeal in state court, she is not entitled to certification as a way to obtain a "second bite of the apple." See, e.g., Warf v. Board of Elections of Green County, Ky., 619 F.3d 553, 558 (6th Cir. 2010); Carolina Casualty Ins. Co. v. Panther II Transportation, Inc., 402 Fed.Appx. 62, 68 (6th Cir. 2010). Plaintiff did not file a petition for certiorari to the United States Supreme Court, the last possible step in the appellate process.

The Ohio Court of Appeals rejected her specific argument, and the Ohio Supreme Court has already declined further review of plaintiff's state case. Certification of the question presented would be inappropriate under these circumstances. While certification of a state law issue may be warranted where a federal court is faced with an active controversy involving conflicting or non-existent state authority, the present plaintiff is attempting to assert a federal claim premised on the same facts and legal theory already rejected by the state courts in her own case. The mere fact that there was a dissenting opinion in the state appellate decision does not militate in favor of certification. Under these circumstances, this Court will, in its discretion, deny plaintiff's request to certify the requested issue.

D. Whether to Award Sanctions Under Rule 11

Finally, defendant Atlas seeks sanctions against plaintiff's counsel for his filing of the motion to certify. Rule 11(b) provides in relevant part that:

> By presenting to the court a pleading, written motion, or other paper . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed

>after an inquiry reasonable under the circumstances:
>
>(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
>(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

Fed.R.Civ.P. 11(b)(1)-(2). The purpose of the rule is "to require litigants to 'stop-and-think' before initially making legal or factual contentions." Fed.R.Civ.P. 11 Advisory Committee Notes (1993 Amendments). Litigants may be sanctioned under the amended rule for continuing to insist upon a position that is no longer tenable." Ridder v. Springfield, 109 F.3d 288, 293 (6th Cir. 1997). The test for determining the appropriateness of sanctions is whether the attorney's conduct was reasonable under the circumstances. Mich. Div.–Monument Builders of N. Am. v. Michigan, 524 F.3d 726, 739 (6th Cir. 2008).

The Court will not impose sanctions here. When plaintiff filed this federal action, she had prevailed on her state claim of retaliatory discharge and was asserting in federal court that Atlas' subsequent failure to reinstate her was a violation of the CBA. After the state court denied a motion to hold Atlas in contempt, she pursued a state appeal of the underlying issue (i.e. her alleged entitlement to reinstatement with 591 days of seniority rights), which ultimately was decided against her. After the Ohio Supreme Court declined further review, plaintiff essentially argued here that such denial may have been improvident and has created

a conflict in Ohio's case law. Plaintiff requested certification in order to give the state courts the chance to remedy the alleged conflict.

Although this Court has, largely due to issue preclusion, declined to certify the question presented, the Court finds that plaintiff's substantive arguments regarding the alleged conflict in the interpretation of R.C. § 4123.90 were at least made in good faith and not for any improper purpose. Given that the dissenting opinion in the state appellate case found substantial merit in plaintiff's argument (see doc. no. 23-6 at ¶¶ 43-48), plaintiff's arguments were sufficiently warranted by existing precedent to avoid sanctions under Rule 11. The Court finds the plaintiff's attempt to certify based on an arguable conflict in the state law does not warrant sanctions under Rule 11 in this case.

## IV.  Oral Argument Not Warranted

Local Rule 7.1(b)(2) provides that courts have discretion whether to grant requests for oral argument. The parties have fully briefed the issues and do not dispute the relevant facts. The Court finds that the pleadings and exhibits are clear on their face and that oral argument is not warranted here. <u>Yamaha Corp. of Am. v. Stonecipher's Baldwin Pianos & Organs</u>, 975 F.2d 300, 301-02 (6th Cir. 1992); see also, e.g., <u>Schentur v. United States</u>, 4 F.3d 994, 1993 WL 330640 at *15 (6th Cir. (Ohio)) (reiterating that "district courts may dispense with oral argument on motions for any number of sound judicial reasons" and finding that the district court acted within its authority).

Accordingly, the plaintiff's "Motion for Summary Judgment" (doc. no. 23) and

"Motion to Certify Question of Ohio Law to the Ohio Supreme Court" (doc. no. 28) are DENIED; the defendants' respective "Motions for Summary Judgment" (doc. nos. 24, 25) are GRANTED; and the defendant Atlas' "Motion for Sanctions Pursuant to Rule 11" (doc. no. 38) is DENIED.

This case is DISMISSED and TERMINATED on the docket of this Court, with the costs of this action to plaintiff.

IT IS SO ORDERED.

s/Herman J. Weber<br>Herman J. Weber, Senior Judge<br>United States District Court